### WATSON v. DUNCAN et al.

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

MASTER AND SERVANT—ASSUMPTION OF RISK.

Where plaintiff was an elevatoi constructor and repairer, and had an opportunity to examine an elevator, and made some examination of it, and was able to tell the cause of an accident which thereafter happened, he assumed the risk incident to its use.

Motion for reargument, or for leave to appeal to the court of appeals. Denied.

For original opinion, see 61 N. Y. Supp. 667.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

HATCH, J. We are assured by the appellant that the court, in its decision, "has overlooked material testimony for plaintiff, has assumed as fact that which was a disputed condition of fact, and has decided as fact that which every unbiased elevator man knows to be false; all in serious injustice to plaintiff." The correctness of the court's decision being thus sharply challenged, we have carefully read this case again, and examined the testimony to which our attention has been called, as well as the authorities cited in support of the appellant's contention. After duly considering the same, we conclude that we made no mistake and overlooked nothing in our former decision which in any wise aids the plaintiff. Upon the undisputed proof in the case the court below reached the conclusion that the plaintiff, in what he did, was guilty of contributory negligence, which barred his right to recover. This court reached the conclusion that the determination of the learned court below was correct and accurate upon the facts as proved. It is conceded that the plaintiff was an elevator constructor and repairer. To use his language:

"I am accustomed to the handling of these machines. I have been doing that for seven or eight years. My specialty in business is making and repairing these elevators. * * * I have seen hundreds of elevators like this one, and worked on lots of them. I am very familiar with their construction. * * * From my experience with elevators, I deemed myself fit to run this elevator. I looked at it to see if it was all there, and it was, as far as I could see."

In considering plaintiff's attitude, therefore, we are to regard him as having full and complete knowledge of the elevator and its character. In this connection we assume as a fact that he was informed by the defendants that the elevator was in running order, and that he was directed to use it. But it is clear that he needed no instruction as to the manner of its use and the method of its operation. He had the opportunity to examine the elevator before he used it. If we consider the model, which seems to have been produced upon the trial, was referred to by both parties, and inspected by the court and jury, we are able to see that the drum about which the chain wound was visible and open to inspection. If we reject the model, then we are informed by the testimony that the drum was visible from the basement, where the plaintiff was

at work, and could have been seen before he stepped upon the platform of the elevator. He did make some examination of it. The plaintiff was able to tell the cause of the accident, which, as he states, occurred by reason of "the chain leaving the drum on one side of the car." Being asked why it left the drum, he said:

"The drum might have been out of plumb with the chain, and the chain coming over from one side of the drum to the other. It is off when it wraps around the drum."

The evidence given by the plaintiff tended to establish that this elevator was the same kind of an elevator as was commonly constructed for the purpose for which it was used, and that it frequently tipped while in use. Of this latter fact the plaintiff was aware. He said:

"In my experience as an elevator man, I have heard of such a thing as a tipping elevator; not frequently, though. They are regarded as dangerous things, and are abnormal and out of the ordinary. They are not common things at all, any more than other unsafe things in the way of machinery."

Under these circumstances, and with this knowledge, the plaintiff voluntarily chose to make use of the elevator, and he must be held to have assumed the risks incident to such use. Had he been without knowledge of the elevator, or the dangers attending its use, it is possible that, if he had been directed to use it without being instructed as to the dangers he was likely to encounter, he would not have been chargeable with contributory negligence as matter of law. But the plaintiff was an expert in the construction and operation of these elevators, and no amount of instruction could have added to his knowledge in this regard. He had the means at hand to determine absolutely as to its condition before making use of it. He did, to some extent, examine it, and, if it was defective, his examination was not sufficiently extensive to make discovery of any defect; but for this failure, if failure it was, no person was responsible except himself, and his failure to discover what he might have found had his examination been sufficiently thorough was the result of his own fault alone, and is not to be charged against any other person. Nor is there in this case any evidence, aside from the plaintiff's statement, that the tipping indicated an unsafe machine, or that the elevator was out of order. The plaintiff said that the tipping was occasioned by the chain running off the drum, and might have been produced by the drum being out of plumb. He did not testify, nor is there any evidence in the case, that the drum was in fact out of plumb, or that it was otherwise defective. If there was no proof that these elevators sometimes tip in their operation, and this was the first occurrence of the kind, the rule of res ipsa loquitur might be invoked. But no such rule is applicable here, for the reason that the plaintiff thoroughly understood the situation, and, if defect there was, he could have informed himself thereof. Upon this subject there is no dispute in the evidence, and the decision of the court below, and our former decision affirming it, are right as matter of law.

. It follows that the motion for a reargument or for leave to appeal to the court of appeals should be denied. All concur.